### JOSIAH T. ASHURST v. SAMUEL BAILEY.

Pleading—Petiton for Sale of Land—Unanswered.

     A petition which alleges ability and readiness to convey land and states how title is derived, which is not an impossibility, is good, when unanswered.

Judgment for Sale of Land—Form and Substance.

     It is error to adjudge that land be sold as a whole when it does not appear that it is not susceptible of division or to direct that the whole of the proceeds be paid to the creditor, although it might bring twice the amount of the debt.

APPEAL FROM SCOTT CIRCUIT COURT.

September 16, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

The allegataions of the petition were sufficient to entitle appellee to the relief sought; she alleges her ability and readiness to convey the house and lot to appellant, tenders him a deed therefor, and states how she derives title, which is certainly not an impossibility, for she might have been the next of kin to her husband, and upon his death has inherited the title to the lot, so that she showed by the averments in her petition, which were unanswered, that

she was entitled to a judgment for her debt, and to a sale of the property for its satisfaction.

But the judgment itself, in form and substance, we cannot approve. Whether or not the property is susceptible of division does not appear. Be that as it may, the master is required to sell all the estate, even if it should bring twice as much as should be required to pay the debt, and then to pay over the whole of the proceeds of the sale, when collected, to appellee, after retaining $30, his allowance for the sale and paying the costs of the suit. This, although an inadvertence in drawing the judgment, as may be presumed, is erroneous and prejudicial to appellant. Wherefore, the judgment is *reversed,* and the cause remanded, with directions to render a judgment conformable to this opinion.